UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

Josef Roisman,  Case No. 13-44380-MBM
 Chapter 7
       Debtor.      /  Hon. Marci B. McIvor

**OPINION DENYING
DEBTOR'S MOTION FOR RECONSIDERATION**

On April 14, 2014, this Court entered the following orders: (1) an Order Granting Debtor's Motion to Vacate both this Court's order granting chapter 7 trustee's motion for sale of property, and this Court's order sustaining Trustee's objection to Debtor's amended claims of exemptions, along with a denial of Debtor's request for sanctions against the Trustee; (2) an Order Sustaining Trustee's Objection to Debtor's Amended Claim of Exemptions; (3) an Order Granting Chapter 7 Trustee's Motion for Authority to Sell Real Property; and (4) an Order Granting Chapter 7 Trustee's Motion to Compel Turnover of Real Property. Debtor filed a Motion for Reconsideration of these Orders. For the reasons set forth below, this Court DENIES Debtor's Motion for Reconsideration.

I.

STATEMENT OF FACTS

On March 7, 2013, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On Schedule A (Schedule of Real Property) Debtor listed real property at 30633 North Greenbriar Rd., Franklin, Michigan ("Greenbriar Property"). Debtor listed the value of the property at $239,000.00. On both Schedule A and

Schedule D (Creditors Holding Secured Claims), Debtor stated that there was a secured claim against the property in the amount of $238,000.00. On Schedule C (Property Claimed As Exempt), Debtor claimed an exemption in the real property in the amount of $1,000.00 pursuant to 11 U.S.C. § 522(d)(1).

On April 12, 2013, mortgage creditor Wells Fargo Bank, N.A., filed a Motion for Relief from the Automatic Stay with regard to the Greenbriar Property. Debtor did not respond to the Motion for Relief from Stay and, on April 30, 2013, Creditor filed a Certification of Non-Response in compliance with E.D. Mich. LBR 9014-1. On April 30, 2013, this Court entered an Order Granting Relief from the Automatic Stay.

On October 8, 2013, the Chapter 7 Trustee filed an Application to Employ Ralph Roberts Realty, LLC as a real estate broker for the purpose of marketing the Greenbriar Property for the benefit of the estate. On October 8, 2013, the Office of the United States Trustee filed a concurrence with the Application to Employ Ralph Roberts Realty. On October 8, 2013, this Court entered an Order Authorizing the Trustee to Employ real estate broker Ralph Roberts.

On October 22, 2013, the Greenbriar Property was sold at a Sheriff's Sale for $170,605.00.

On February 3, 2014, the Chapter 7 Trustee filed a Motion for Sale of Property pursuant to 11 U.S.C. § 363(b). The Motion sought Court approval of a sale of the Greenbriar Property for $240,000.00. Due to the difference between the sale price ($240,000.00) and the amount necessary to redeem the property ($170,605.00), the sale of the property, if approved, would generate approximately $46,000.00 for the estate, to be distributed to Debtor's creditors. The Motion was served with a Notice and

Opportunity to Respond which notified all interested parties that they had twenty-one (21) days to file a response to the Trustee's Motion.

On February 27, 2014 at 12:27 p.m., the Trustee filed a Certification of Non-Response pursuant to E.D. Mich. LBR 9014-1. Shortly thereafter, this Court entered an Order Granting the Trustee's Motion for Sale of Property.

On February 27, 2014 at 10:58 p.m., after the entry of this Court's Order authorizing the sale, Debtor filed a response to the Motion for Sale of Property. Debtor also filed Amended Schedules A, B, and C. Debtor's amended Schedule C changed the manner in which Debtor exempted the Greenbriar Property. The amended Schedule C claimed an exemption pursuant to Mich. Comp. Laws § 600.5451(1)(m) in the amount of $52,925.00.

On March 6, 2014, the Trustee filed an Objection to Debtor's Amended Claim of Exemptions. The Notice and Opportunity to Respond gave interested parties fourteen (14) days to respond to the Trustee's Objection to Debtor's Amended Claim of Exemptions. On March 24, 2014 at 5:26 a.m., the Trustee filed a Certification of Non-Response to his Objection to Debtor's Amended Claim of Exemptions. Shortly thereafter, this Court entered an Order Sustaining the Trustee's Objection to Debtors Amended Claim of Exemptions.

On March 24, 2014 at 10:58 p.m., after this Court entered its Order Sustaining Trustee's Objection to Debtor's Amended Claim of Exemptions, Debtor filed a Response to the Trustee's Objection.

On March 31, 2014, the Trustee filed a Motion to Compel Turnover of Real Property. On March 31, 2014, Debtor filed a Motion to Set Aside Orders wrongfully

obtained by the Chapter 7 Trustee and for sanctions. Debtor's Motion sought to vacate the Order Granting the Trustee's Motion for Sale of Property, entered on February 27, 2014 and vacate the Order Sustaining the Trustee's Objection to Debtor's Exemptions entered on March 24, 2014. The basis of Debtor's Motion was that the Trustee had filed his Certifications of Non-Response one (1) day early and, therefore, the Debtor's responses to the Motion to Sell and the Objection to Debtor's Amended Claim of Exemptions must be heard on the merits.

On April 14, 2014, this Court held a hearing on the Trustee's Motion to Compel Turnover of Property, and the Debtor's Motion to Vacate the Order Approving the Sale and the Order Sustaining the Trustee's Objection to the Debtor's Amended Claim of Exemptions. Based on the ECF Procedure 12(f)[1], E.D. Mich LBR 9014-1(c)[2] and F. R. Bankr. P. 9006(a)[3], the Court concluded that the Certifications of Non Response had

---

[1]ECF Procedure 12(f) of the Administrative Procedures for Electronic Case Filing promulgated by the United States Bankruptcy Court for the Eastern District of Michigan states:

> Calculating a Response Deadline. When there is a right or requirement to do some act or undertake some proceeding within a prescribed period after service, the additional three days allowed by Rule 9006(f) shall apply, even if no mailing is involved.

[2]E.D. Mich. LBR 9014-1(c) provides in relevant part:

> If a response if not timely filed, the movant may file a certification of no response so stating, attaching thereto a copy of the original certificate of service, and may submit the proposed order. The movant may file a certification of no response on or after the 18th day after service (or the 25th day in the case of matters covered by F.R. Bankr. P. 2002(a)), in order to comply with F. R. Bankr. P. 9006(f).

[3]F. R. Bankr. P. 9006(a) provides:

been filed one (1) day early, and the Court granted Debtor's Motion to Vacate (1) Order Granting Chapter 7 Trustee's Motion for Sale of Property (Docket NO. 38): and (2) Order Sustaining the Trustee's Objection to Debtor's Amended Claim of Exemptions (Docket No. 50). After vacating its prior orders, the Court considered the Debtor's responses to the Motion for Sale of Property and the Trustee's Objections to Debtor's Amended Claim of Exemptions. After considering the issues on the merits, the Court granted the Chapter 7 Trustee's Motion for Sale of Property, and sustained the Trustee's Objections to Debtor's Amended Claim of Exemptions. The Court also granted the Chapter 7 Trustee's Motion to Compel Turnover of Real Property to allow the Trustee to complete the sale of the Greenbriar Property. These rulings were effectuated by four (4) separate orders entered on April 14, 2014: (1) an Order Granting Debtor's Motion to Vacate; (2) an Order Sustaining Trustee's Objection to Debtor's Amended Claim of Exemptions; (3) an Order Granting Chapter 7 Trustee's Motion for Authority to Sell Real Property; and (4) an Order Granting Chapter 7 Trustee's Motion to

---

Computing Time. The following rules apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in any statute that does not specify a method of computing time.
    (1) Period Stated in Days or a longer Unit. When the period is stated in days or a longer unit of time:
        (A) exclude the day of the event that triggers the period;
        (B) count every day, include intermediate Saturdays, Sundays and legal holidays; and
        (C) include the last day of the period, but is the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

5

Compel Turnover of Real Property. The last Order required Debtor to vacate the Greenbriar Property by April 30, 2014.

On April 20, 2014, Debtor, Josef Roisman, filed another bankruptcy case under Chapter 13 of the Bankruptcy Code (Case No. 14-46822).

On April 28, 2014, Debtor filed a Motion for Reconsideration in his pending Chapter 7 case (Case No. 13-44380).

On April 30, 2014, in Debtor's pending Chapter 13 proceeding, Case No. 14-46822, the Chapter 7 Trustee filed a Motion Seeking Relief from the Automatic Stay imposed by the Chapter 13 filing. The Trustee seeks a lift of stay for the purpose of consummating the sale authorized by the Court in its April 14, 2014 Order in the Chapter 7 case.

II.

ANALYSIS

Motions for reconsideration are governed by E.D. Mich. LBR 9024-1(a)(3). That rule states:

> Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

Debtor's Motion for Reconsideration requests that the Court reconsider the following matters: (1) whether sanctions should have been awarded against the Trustee as a result of the Trustee's filing Certifications of Non-Response one (1) day early; (2)

6

whether the Order Authorizing the Sale should be vacated as Debtor's real property was not property of the estate and because the Trustee could only sell the property through the filing of an adversary proceeding; (3) whether the Order Sustaining the Trustee's Objections to Debtor's Amended Exemptions should be vacated; and (4) whether the Order Granting the Trustee's Motion to Compel Turnover must be vacated in light of the Debtor's subsequent Chapter 13 filing.

A. <u>There is No Palpable Defect in this Court Denying Debtor's Request for Sanctions Against the Trustee</u>.

Sanctions are governed by F.R. Bank. P. 9011. F.R. Bank. P. 9011(c)(1)(A) states that:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).

In evaluating whether to impose sanctions on counsel, the Court must consider what a reasonable attorney would have done at the time of the alleged sanctionable conduct. *See, Heavrin v. Schilling (In re Triple S Restaurants, Inc.),* 519 F.3d. 575 (6th Cir. 2008).

Debtor argues that this Court erred in failing to impose sanctions on the Trustee because the Trustee filed two certifications of non-response one (1) day early. The Court finds that Debtor is not entitled to the imposition of sanctions for several reasons. First, Debtor failed to request the imposition of sanctions in a separate motion as required by F.R. Bankr. P. 9011. Second, the Court finds that the Trustee's filing of the certifications of non-response on the 24th and 17th day after the Trustee's motions were

7

filed (as opposed to the 25th and 18th day after the motions were filed) was inadvertent. There is nothing in the record to suggest that the Trustee filed the Certifications of Non Response a day early to deprive the Debtor of an opportunity to file responses to the Trustee's motions. The Court notes that the Debtor failed to file either his response to the Trustee's sale motion or his response to the Trustee's Objection to Debtor's Amended Claim of Exemptions until almost 11:00 p.m. on the last day for filing a response. It is hard to know whether Debtor's counsel was simply waiting until the last possible minute to file a response or whether Debtor's counsel only filed a response because he noticed that an order granting relief to the Trustee had been granted. In either case, had Debtor not waited until the last possible moment to file his response, the Trustee would not have filed Certifications of Non Response, and there would have been no issue. Third, Debtor was not prejudiced by the entry of Orders pursuant to Certifications of Non Response filed one (1) day early. At the hearing on April 14, 2014, the Court agreed with Debtor that the Order Granting the Motion to Sell and the Order Sustaining the Trustee's Objection to Debtor's Amended Exemptions had to be vacated because they were entered before the end of the last day on which Debtor could file responses. The Court vacated its orders and proceeded to hear the Trustee's sale motion and the objections to Debtor's Amended Claim of Exemptions on the merits, based on the responses filed by Debtor. Since the Court considered the responses filed by Debtor, Debtor suffered no prejudice as a result of the Trustee's premature filing of the CNRs. For all these reasons, the Court finds that Debtor is not entitled to sanctions against the Trustee.

B(i).   There Is No Palpable Defect in this Court's Order Granting the Chapter 7 Trustee's Motion for Authority to Sell Real Property Because the Property Was Property of the Bankruptcy Estate.

Debtor argues in his Motion for Reconsideration that the Court erred in finding that the Greenbriar Property was property of the estate. Debtor misstates the law. 11 U.S.C. § 541(a) provides that the bankruptcy estate is comprised of all of the legal or equitable interests of the debtor in property as of the commencement of the case. On March 7, 2013, the date Debtor filed for bankruptcy, Debtor had both a legal and equitable interest in the real property located at 30633 N. Greenbriar Road, Franklin, Michigan, and the real property became property of Debtor's bankruptcy estate.

On April 30, 2013, this Court entered an Order Lifting the Automatic Stay as to the mortgage creditor Wells Fargo. Although the stay was lifted, Debtor's bankruptcy estate retained an interest in the real property. At the court explained in *Catalino v. Commission of Internal Revenue,* 279 F.3d 682 (9th Cir. 2002):

> When a bankruptcy court lifts, or modifies, the automatic stay, it merely removes or modifies the injunction prohibiting collection actions against the debtor or the debtor's property. Although the property may pass from the control of the estate, that does not mean that the estate's interest in the property is extinguished. *See Jim Walter Homes, Inc. v. Saylors (In re Saylors),* 869 F.2d 1434, 1437 (11th Cir. 1989). "Relief from an automatic stay entitles the creditor to realize its security interest ... in the property, but all proceeds in excess of the creditor's interest must be returned to the trustee." *Nebel v. Richardson (In re Nebel)* 175 B.R. 306, 312 (Bankr. Neb. 1994) (citing *Killebrew v. Brewer (In re Killebrew*), 888 F.2d 1516, 1520 (5th Cir. 1989)). Thus, an order lifting the automatic stay by itself does not release the estate's interest in the property and "the act of lifting the automatic stay is not analogous to an abandonment of the property." *Id.* At 311 (citing *In re Ridgemont Apartment Assocs.,* 105 B.R. 738, 741 (Bankr. N.D. Ga. 1989))).

9

In the instant case, the Greenbriar Property was sold at a foreclosure sale on October 22, 2013 for $170,605.00. Because the estate retained an interest in the property until the redemption period expired, the Trustee could market the property. Based on the case law set forth above, if proceeds generated by the sale exceed the mortgage creditor's interest, the proceeds are property of the bankruptcy estate. Since the Trustee sold the Greenbriar Property for $240,000.00, after payment of the realtor's commission there will be approximately $47,000.00 available for the estate.

The case law cited by Debtor has no applicability on the issue of whether the Trustee had the authority to sell the Greenbriar Property. Debtor cites several cases for the proposition that post-petition appreciation in the value of property inures to the benefit of the Debtor. That proposition is true in the context of lien strip actions pursuant to 11 U.S.C. § 506(d). Case law holds that a mortgage creditor whose lien was totally unsecured on the date of the filing of the bankruptcy does not become a secured creditor by virtue of a post-petition appreciation of the value of a debtor's property. *See, Frengel v. Internal Revenue Service (In re Frengel)*, 115 B.R. 569 (Bankr. N.D. Ohio 1989). In the instant case, the value that has been created for the benefit of the estate was not created by post-petition appreciation in the value of the property, or by any payments to the mortgagee by the Debtor. The sole reason there is value available for the estate is that the Trustee was able to market the real property during the redemption period and obtain a sale price in excess of the amount bid at the foreclosure sale. The amount of money attributable to that value is clearly property of the bankruptcy estate, not property of the Debtor.

Based on the case law set forth above, there is no palpable defect in the Court's

Order Granting the Trustee's Motion to Sell Real Property.

B(ii).   The Trustee's Motion to Sell Property Pursuant to 11 U.s.c. § 363 Was the Appropriate Procedure to Obtain Approval of the Sale of the Property.

Debtor also argues in his Motion for Reconsideration that the Order Granting the Trustee's Motion to Sell must be set aside because the Trustee could only obtain that relief by filing an adversary proceeding. Debtor is incorrect. As discussed above, after the stay was lifted, the bankruptcy estate retained an interest in the property. In the event a sale of the real property generated proceeds in excess of the amount owed on the mortgage, the excess proceeds belong to the estate. 11 U.S.C. § 363 is the appropriate section for obtaining court approval of a sale of estate property. 11 U.S.C. § 363(b)(1) states:

> The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate, . . .

Fed. R. Bank. P. 7001(3) requires an adversary proceeding to obtain approval of a sale only if the sale relates to property owned by both the debtor and a non-debtor party. In the instant case, Debtor is the sole owner of the Greenbriar Property. As discussed above, his interest is property of the bankruptcy estate and can be sold pursuant to 11 U.S.C. § 363. There was no error in the Court's Order Granting Trustee's Motion to Sell Real Property.

C.   There Is No Palpable Defect in the Court's Order Sustaining the Trustee's Objection to Debtor's Amended Claim of Exemptions.

11

Debtor argues that the Court erred in sustaining the Trustee's Objection to Debtor's Amended Claim of Exemptions. On Schedule A, Debtor had stated the value of the Greenbriar Property as $239,000.00 and indicated that the mortgage against the property was $238,000.00. On Schedule C, Debtor claimed an exemption in the Greenbriar Property in the amount of $1,000.00, the difference between the balance owed on the mortgage, and the value of the property.

On October 8, 2013, this Court entered an Order Authorizing the Trustee to employ a realtor. On October 22, 2013, the Greenbriar Property was sold at a sheriff's sale for $170,605.00. On February 3, 2014, the Trustee filed a Motion for Sale of Property stating that the Trustee had an offer to purchase the property for $240,000.00.

On February 27, 2014, Debtor filed an Amended Schedule C, now claiming that he had an exemption in the Greenbriar Property in the amount of $52,925.00 pursuant to Mich. Comp. Laws § 600.5451(1)(m). Mich. Comp. Laws § 600.5451(1)(m) allows a debtor to exempt:

> The interest of the debtor, the codebtor, if any, and the debtor's dependents, not to exceed $30,000.00 in value or, if the debtor or a dependent of the debtor at the time of the filing of the bankruptcy petition is 65 years or age or older or disabled, not to exceed $45,000.00 in value, in a homestead.

The value of a debtor's exemption is determined at the date of filing. *In re Sheets*, 69 B.R. 542 (Bankr. W.D.N.Y. 1987).

On the date Debtor filed for bankruptcy, regardless of whether he used federal or

12

13-44380-mbm    Doc 81    Filed 05/05/14    Entered 05/05/14 14:14:08    Page 12 of 15

state exemptions, the value of his exemption was $1,000.00.[4] The value of his exemption is fixed as of the date of filing. To the extent that post-petition events, those being the amount bid at the sheriff's sale and the Trustee's successful marketing of the property, created value for the estate, that value does not create an additional homestead exemption for the Debtor. The fact that the mortgage creditor accepted less than the balance owed on the mortgage does not change the amount of equity Debtor had in the Greenbriar Property on the date of filing; the only significance of the price paid at the foreclosure sale is that it created an opportunity to market the property for the benefit of the estate. The value created by the low bid at the sheriff's sale and the Trustee's successful market of the property is <u>NOT</u> an interest of the Debtor in a homestead which may be exempted under either Mich. Comp. Laws § 600.5451(1)(m) or 11 U.S.C. § 522(d)(1). There is no palpable defect in this Court's Order Sustaining the Trustee's Objection to the Debtor's Amended Claim of Exemptions.

D.   <u>There Was No Palpable Defect in the Court's Order Granting the Trustee's Motion to Compel Turnover</u>.

The Debtor argues that the Court erred in granting the Trustee's Motion to Compel Turnover. The basis of Debtor's argument is that the property is not property of the estate, therefore Debtor cannot be compelled to turn over the property to the Trustee. In light of the Court's ruling that the estate retained an interest in the

---

[4] Given that the Trustee has sold the property for $240,000.00, there may be a question of fact as to the value of the Greenbriar Property on the date of filing. If there is proof that the Greenbriar Property has a value of $240,000.00 on the date of filing, Debtor could amend his homestead exemption to $2,000.00.

Greenbriar Property after the lift of the automatic stay, Debtor's argument has no merit.

In addition, Debtor argues that since he filed another bankruptcy proceeding subsequent to the entry of the Court's Order Compelling Turnover, the Court should reconsider its Order Compelling Turnover of the real property.

The fact that the Debtor has filed another bankruptcy proceeding has no bearing on the merits of this Court's Order Granting the Trustee's Motion to Compel Turnover of the property. Since the Trustee possessed the authority to market the property, and the redemption period on the property was set to expire on April 22, 2014, the Court's Order Granting the Debtor's Motion to Compel was supported both by the law and the facts.

That being said, Debtor's filing of a Chapter 13 bankruptcy petition raises many questions, none of which were addressed by Debtor in his Motion for Reconsideration. First, can a debtor file a Chapter 13 case while a Chapter 7 case is still pending? Second, when a Chapter 7 Trustee is in the process of administering assets of the estate, do those assets become part of the Chapter 13 estate simply by virtue of the debtor filing a new case? Third, does Debtor's filing of a Chapter 13 case while his Chapter 7 case is pending demonstrate a lack of good faith? Fourth, what are the implications of 11 U.S.C. § 108(b) when the Chapter 7 Trustee has already redeemed the property? Whatever the answers to these questions, none of the questions demonstrate that there was a palpable defect in the Court's ruling regarding the Trustee's Motion to Compel Turnover.

III.

14

## CONCLUSION

For the reasons set forth above, the Debtor's Motion for Reconsideration is denied in its entirety.

Signed on May 05, 2014

                                 /s/ Marci B. McIvor
                                 Marci B. McIvor
                                 United States Bankruptcy Judge